Filed 12/23/25  Marriage of Ghazaryan CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of SAMVEL and SIRANUYSH GHAZARYAN. | B338367 (Los Angeles County Super. Ct. No. VD087018) |
| SIRANUYSH GHAZARYAN, Appellant, v. SAMVEL GHAZARYAN, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maria Puente-Porras, Judge.  Affirmed.

Siranuysh Ghazaryan, in pro. per., for Appellant.

Samvel Ghazaryan, in pro. per., for Respondent.

* * * * * *

In this marital dissolution case, Siranuysh Ghazaryan[1] appeals a March 20, 2024 order of the trial court directing her to pay Samvel Ghazaryan the sum of $37,581.31. Siranuysh and Samvel both appear in this appeal in propria persona.

Siranuysh has failed to meet her burden on appeal of proving error, therefore we affirm the trial court's order.

## BACKGROUND

The parties were before this court in connection with a previous appeal from a postjudgment order dividing the proceeds from the sale of the community home. (*In re Marriage of Ghazaryan* (April 18, 2023, B321151) [nonpub. opn.].) The following facts are taken from our opinion in the previous matter.

Samvel and Siranuysh were married in 2008 and separated in 2015. They have two children. The trial court entered a judgment of marital dissolution on November 19, 2019 (the judgment), which incorporated the parties' settlement agreement.

According to the judgment, certain real property located on Colima Road in Whittier (the Colima property) was community property, with Samvel and Siranuysh each taking a one-half interest subject to certain conditions. The judgment entitled Samvel to the exclusive use and possession of the Colima property until its sale.

On March 15, 2020, the CEO of NH Management Inc. (NH Management) executed a claim of mechanics lien against the Colima property for $35,415 plus interest for "emergency water

---

[1] Because the parties to this appeal share the same last name, we refer to them by their first names for ease of identification. No disrespect is intended.

restoration and repairs." The trial court found Samvel to be solely responsible for the mechanics lien as his separate debt. We found the evidence supported the trial court's determination, therefore affirmed this finding.

Samvel refinanced the Colima property in July 2020 (July 2020 refinance). As part of the refinance, NH Management was paid $35,000. Samvel received a $61,143.92 cash-out.

Following a hearing in June 2021, the trial court ordered the Colima property to be sold. Samvel refinanced the property again in July 2021 (July 2021 refinance). This time, he received $104,090.57 in cash.

In August 2021, Samvel filed a request for order (RFO) seeking, inter alia, the "determination" of the mechanics lien, reimbursement of child support and a $55,500 equalization payment given to Siranuysh.

The parties sold the Colima property in October 2021 for $600,000.

The hearing on Samvel's RFO was held on February 16, 2022. In the findings and order after hearing filed March 16, 2022, the trial court distributed the remaining proceeds from the sale of the Colima property, with $45,252.01 going to Samvel, $130,789.40 going to Siranuysh, and $3,000 going to Siranuysh's attorney from Samvel's share.

Samvel filed a timely notice of appeal from the trial court's March 16, 2022 order. On appeal, this court considered two questions: whether the trial court correctly characterized the $35,000 mechanics lien as Samvel's separate debt, and whether the accounting report relied upon by the trial court contained errors regarding amounts of cash Samvel received from refinances of the community home. We affirmed the trial court's determination that the $35,000 mechanics lien was Samvel's separate debt, but remanded the case to the trial court for the

sole purpose of recalculating each party's share using accurate values for Samvel's cash-outs from the July 2020 and July 2021 refinances.

The trial court held a hearing on November 2, 2023. The parties had previously filed briefs supporting their positions on the numbers to be used in calculating the parties' shares.[2] The parties' numbers were "far apart" and they had not met and conferred. Samvel's counsel argued Samvel had been overcharged $37,608.31. Siranuysh's counsel argued various items should have been deducted from Samvel's share, including the $35,000 lien. Samvel's counsel argued the $35,000 had already been deducted from Samvel's share of the proceeds. Samvel's counsel pointed out to the court where it had been deducted in his calculations. After two more efforts to meet and confer, the parties agreed to the court's suggestion that they pick another day to attempt to come up with a stipulation as to the appropriate division of the proceeds. The parties were ordered to serve and file their respective position papers regarding the accounting in advance of the hearing.

The parties returned to court on December 6, 2023.[3] The court noted the parties had filed supplemental briefs.[4] Samvel's counsel took the position that Siranuysh was overpaid by

---

[2] The briefs have not been provided to this court, so we are unable to view the parties' competing theories. However, the trial court mentioned that briefing was complete.

[3] Although her former attorney had prepared her brief, Siranuysh represented herself at the December 6, 2023 hearing.

[4] Again, the briefs are not part of the record on appeal; however, the trial court mentioned it had received and reviewed the documents.

4

$37,581.31.  Again, the parties focused on the $35,000 mechanics lien, with Siranuysh arguing it should be deducted from Samvel's total, and Samvel's counsel arguing it had been previously deducted.  After lengthy discussions and argument, the court ordered Siranuysh to pay Samvel $37,581.31 by December 6, 2024.  Siranuysh objected.

The court then requested the parties return.  Another hearing took place on March 20, 2024.  The court stated, "Today we're here only on the issue of the court's ruling, previous ruling, of the reimbursement owed by [Siranuysh].  The court reversed itself, set it for hearing, and allowed the parties to remit their supplemental briefing to address the court's issues."  The sole issue was the trial court's order that Siranuysh pay Samvel $37,581.31.  The court inquired of Samvel's counsel whether Samvel had received the benefit of having the money deducted twice.  Samvel's counsel referred to his brief, and allowed the court to view various calculations.  The calculations, which we have not been able to observe, showed the mechanics lien deducted from Samvel's proceeds.

The trial court was convinced by Samvel's arguments.  The court explained to Siranuysh, "in essence, you did receive $35,000 more than he did.  That's why you owe him the $37,000. And so now I am going to reinstate a deadline by when that is going to be due."  The court later explained, "And so I reversed my prior order, but now I'm reversing my reversal of the prior order.  I'm restoring the order from December 9th, ordering and finding that you were overpaid the sum of $37,581.31, which will be due

payable to [Samvel] no later than May 30, 2024.[5]  And that will be the order."

On April 18, 2024, Siranuysh filed her notice of appeal from the March 20, 2024 order.

## DISCUSSION

### I.    Standard of review

A trial court has considerable discretion to divide community property to ensure an equitable distribution.  (*In re Marriage of Duncan* (2001) 90 Cal.App.4th 617.)  The trial court's judgment is presumed correct, "and all intendments and presumptions are indulged in favor of its correctness."  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  The appealing party must affirmatively show error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  The reviewing court "should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice."  (*Id.* at p. 566.)

### II.    Forfeiture

Siranuysh states in her opening brief that she does not agree with the trial court's order.  Siranuysh provides an incomplete record, makes no citations to the record and no reasoned argument with citation to legal authority.  She attaches four pages of mathematical calculations without clarification or explanation.

Appellate briefs must provide argument with legal authority for the positions taken.  (*California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2014) 232 Cal.App.4th 543,

---

[5]      The court later corrected the date to May 30, 2025, giving Siranuysh a year to pay it off.

6

550, fn. 7.) "'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" (*Ibid.*) "'We are not bound to develop appellants' arguments for them.'" (*Ibid.*)

An appellant also bears the burden of providing an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) When an appellant fails to provide an adequate record, we cannot meaningfully review the trial court's decision. (*Ibid.*) "'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Id.* at p. 609.)

Siranuysh's opening brief recites the history of the case after this court's remand. She then argues, without citation to the record, the $35,000 should have been credited back to Samvel. She further argues, without citation to the record, that it is unclear where the remaining sum of $2,581.31 came from and why it was added to Siranuysh's debt. Although Siranuysh has provided reporter's transcripts, she fails to provide citations to pages where she raised these precise issues in the trial court, and fails to explain why the trial court's response was incorrect. Siranuysh also fails to provide citations to the written briefing, which is not included in the record.

In her reply brief, Siranuysh sets forth various calculations explaining her position, again without citation to the clerk's transcript or reporter's transcript. Siranuysh does cite various exhibits attached to her brief. However, we do not calculate sums de novo. The trial court received extensive briefing on this issue and considered it with great diligence, holding three hearings and receiving multiple phases of briefing on the parties' differing calculations. Without access to the full trial court record, including the briefing and calculations the court was referring to during the hearings, we have no way to conduct meaningful

7

review of the trial court's purported error.  (*Jameson v. Desta, supra*, 5 Cal.5th at pp. 608–609.)

Siranuysh has failed to carry her burden of showing error on appeal. (*Denham v. Superior Court, supra*, 2 Cal.3d at p. 564.) We therefore affirm the trial court's order.

## DISPOSITION

The order is affirmed.  Respondent shall recover his costs on appeal.


CHAVEZ, J.

We concur:


LUI, P. J.


SIGGINS, J.*

---

*        Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.